DUNCAN B. HARRISON *vs.* FRANK E. MORAN.

Suffolk.    January 14, 1895. — May 24, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Contract — Unauthorized Payment of Money.*

It is no defence for a debtor, who is sued to recover a sum of money, that he has voluntarily paid the sum to a creditor of the plaintiff, unless such payment was authorized or assented to by the plaintiff.

CONTRACT to recover the sum of five hundred dollars. At the trial in the Superior Court, before *Hammond,* J., it appeared that the plaintiff and one John L. Sullivan had been partners in a theatrical business; that the defendant was in the receipt of a salary in their employ, as treasurer; that, prior to the above partnership, the plaintiff, said Sullivan, and one Barnett had been partners in a theatrical business during a tour in Australia and up to their return to San Francisco, when Barnett retired, and the plaintiff and Sullivan became equal partners; that in

Portland, Oregon, after the return to San Francisco and the re-
tirement of Barnett, the sum of one thousand dollars had been
deposited by each partner in the hands of the defendant as treas-
urer, as a fund to cover any loss that might subsequently arise
in the business; that shortly thereafter the plaintiff procured
Sullivan to order the defendant to pay to him, the plaintiff, the
sum of five hundred dollars, to meet, as was agreed, the payment
of the plaintiff's check, which had theretofore been given to one
Dougharty, in Australia, for the sum of five hundred dollars, in
order to raise funds for the benefit of the partnership of Sullivan,
Harrison, and Barnett, hereinbefore mentioned, which check was
drawn on San Francisco, and was dishonored when presented,
and which funds actually went to the benefit of the partnership;
and that thereafter, in Pittsburgh, trouble arose between Sulli-
van, Harrison, and Moran, whereupon the following agreement,
which was put in evidence by the plaintiff, was executed by
Sullivan and Harrison, on May 5, 1892:

"It is hereby agreed by and between the parties hereto that
the sum of one thousand dollars, now in the hands of Mr. Sulli-
van's representative, shall be and remain in his said hands, and
at the termination of the season, June 4, 1892, the said sum
(less any bills or claims against said Sullivan and Harrison as
partners) shall be equally divided between the parties hereto.

"It is further agreed between the parties hereto that each
shall name a representative to whom shall be paid the portion
coming to each of the parties hereto from the engagement in the
city of Pittsburgh, Pa., commencing this day, and from the en-
gagements in the cities of Philadelphia, Brooklyn, and Boston.

"It is also agreed that the shares or interest of each of the
parties hereto shall be fifty per centum of the net earnings of the
play.   The bills for salaries, expenses, etc. of the company shall
be paid on presentation, and shall be borne in equal proportion
by the parties hereto.

"It is hereby expressly agreed by and between the parties
hereto that this agreement shall cease and determine in the city
of Boston, Mass., on the fourth day of June, A. D. 1892.

"It is further agreed that the receipts shall be divided nightly
in accordance with the terms of the foregoing agreement; and it
is further agreed that the salaries, bills, and expenses contracted

for running the show shall be paid out of the receipts by the representatives of the parties hereto."

The following receipt signed by the defendants was put in evidence by the plaintiff: " Pittsburgh, May 6th, 1892.   Received of Duncan B. Harrison the sum of Five Hundred (500) Dollars to be retained by him (as a part of a permanent fund) until June 4th, 1892, as per articles of agreement made and executed by and between Sullivan and Harrison, dated Pittsburgh, May 5th, 1892."

The plaintiff further testified that he had demanded the money and it had never been paid, and that his cause of action proceeded upon the above receipt.   Thereupon the defendant offered to show that the receipt was given in the course of the business, not for money actually paid in, but for the balance of the money remaining at that time in his hands, out of the sinking fund before referred to, which had been deposited in Portland, Oregon ; that subsequently to the giving of the receipt, and on or before June 4, 1892, when, as the plaintiff stated, he made his demand, Sullivan learned by cable, and so informed the plaintiff, that he, the plaintiff, had not paid said check, and had not paid the money borrowed thereon as aforesaid in Australia, and ordered and directed the defendant not to pay said money to Harrison, and demanded the money of the defendant himself, and that the defendant thereupon paid it to Sullivan as a partner of the plaintiff ; but it was not contended that this payment was by the knowledge and consent of the plaintiff ; nor was it contended that the amount was withheld on any other ground than the non-payment of the check or the money borrowed thereon.

The judge excluded the evidence, and ordered a verdict for the plaintiff ; and the defendant alleged exceptions.

*H. V. Cunningham,* for the defendant.

*C. R. Elder,* for the plaintiff.

FIELD, C. J.   The defendant is clearly liable to the plaintiff in the sum of $500, unless the payment of it to Sullivan under the facts offered in evidence relieved the defendant of liability. The contention is, that, before the agreement of May 5, 1892, was executed between the plaintiff and the defendant as partners, Sullivan, Harrison, and one Barnett had been partners,

and as such owed one Dougharty $500; and that Sullivan ordered the defendant to pay out of a deposit fund of $2,000, furnished in equal parts by the plaintiff and Sullivan, $500 to the plaintiff, that the plaintiff might pay the debt due to Dougharty; that the plaintiff received this money, but did not pay the debt; and that therefore Sullivan had the right to demand of the defendant in this action the $500 held by him under the agreement of May 5, 1892, for the benefit of the plaintiff. The defendant offered evidence that, on Sullivan's demand, he paid this sum to Sullivan, although it was not contended that this was done with the knowledge or consent of the plaintiff. The state of the accounts between Sullivan and the plaintiff, arising out of transactions occurring between them before the execution of the agreement of May 5, 1892, does not appear, but even if it had appeared that the plaintiff owed Sullivan $500 on account of these transactions, as they were not within the scope of that agreement, the defendant had no right to pay to Sullivan, without the plaintiff's assent, the debt which the plaintiff owed to Sullivan, out of money which the defendant held under that agreement, and for which he had given to the plaintiff the receipt put in evidence. There is nothing in the agreement or receipt which authorizes the payment of such a debt out of the money held by the defendant under the agreement. It is no defence for a debtor that he has voluntarily paid to a creditor of the plaintiff what he owed the plaintiff, unless such payment was authorized or assented to by the plaintiff. Credits sometimes can be attached and taken on execution, but without legal process a debtor cannot compel the person to whom he is indebted to assent to the payment of the debt to a creditor of that person.

*Exceptions overruled.*